SETH C. BRADFORD *v.* HENRY A. WRIGHT.

Upon the allowance of an auditor's report, made to the supreme court, the defendant, against whom a balance is found thereby, is not entitled to have the case submitted to a jury; but judgment must, in compliance with the statute, be entered up against the defendant, in pursuance of the report, although the effect is to deprive him of a new trial as of right.

Assumpsit, originally brought in this court, upon two promissory notes, made by the defendant; one, for $800, payable to the plaintiff or order thirty days after date, and the other, for $550, payable to the plaintiff or order twenty days after date. Plea, the general issue.

Upon opening the case to the jury, at a former term of this court, it appeared, that the defence to the notes was want of consideration; the notes having been given or advanced by the plaintiff to the defendant, who was a builder, in payment or on account of work and materials upon a house, built by the latter for the former in Newport, for which, as the defendant contended, he had overpaid the plaintiff, without reckoning the amount of the notes sued. It further appeared, that whether there was a consideration for the notes, or not, depended upon the state of long and intricate accounts between the parties, growing out of charges for contract and extra work upon the house, made by the plaintiff against the defendant, many of which were disputed, and out of payments made and notes advanced by the defendant to the plaintiff; and that some of the notes which the defendant charged as payments, were alleged by the plaintiff to be renewals merely of notes already charged against him.

In this state of things, the court, by virtue of sect. 10, ch. 188, of the Rev. Stats., upon motion of the defendant, ordered the case to be withdrawn from the jury, and sent to an auditor, to examine and state the accounts between the parties. Upon the coming in of the auditor's report, it appeared, that he found a balance due from the plaintiff to the defendant of $1,525.18, a sum exceeding the amount of the notes sued; and the excep-

Bradford *v.* Wright.

tions to the report having been overruled or withdrawn, the report was received and allowed by the court.

*Sheffield*, with whom was *Bradley*, for the plaintiff, now moved, that in pursuance of the report, judgment be entered up for the plaintiff for the amount of the notes, with interest.

*W. H. Potter*, for the defendant, protesting, that this would deprive the plaintiff of a trial by jury, objected to the motion on that ground; claiming, that the case should go to a jury, so that upon the coming in of their verdict, the defendant might have, if the verdict was against him, a new trial, under the statute, of right; and cited *Campbell* v. *Crout*, 3 R. I. Rep. 60.

AMES, C. J.    The plaintiff is entitled to judgment, in pursuance of the auditor's report, by the express terms of sect. 10, ch. 188, of the Revised Statutes.    The statute contemplates the trial of cases involving accounts as more appropriate to an auditor than to a jury; and substitutes the report of the former for the verdict of the latter, as the basis of a judgment.    The case of *Campbell* v. *Crout*, 3 R. I. Rep. 60, turned upon the effect of an appeal to this court from a. judgment of the court of common pleas founded upon such a report; the statute granting, as the court held, an appeal in such cases, as well as others, and providing, that upon such appeal, " both parties may have the benefit of any new and further evidence."    So far from holding in that case, that upon the allowance of the auditor's report the case must go to a jury, the language of the court is express, " that upon its reception, judgment shall be rendered for the amount reported.    The same thing would be done upon a verdict, when accepted, *and there is nothing to show that this was not to stand upon the same footing.*"  Ib. 62.

The consideration, that in a case originally commenced in this court, if it be sent to an auditor, the parties will be deprived of a new trial as a matter of right—since this is given only in case of a *verdict*—is certainly one which should weigh with the court upon a motion for an auditor.    It cannot, however, countervail the express words of the statute directing us what to do upon the allowance of an auditor's report.    In the case at bar, certainly, the defendant has no right to complain that the case was sent to an auditor, whatever the effect may

be; since, although the minute upon the docket is silent upon it, it is asserted, and not denied by his counsel, that this course was taken upon his motion.

Let judgment be entered up for the amount of the notes declared on, with interest; such a judgment being, considering the cause of action, in "pursuance" of the auditor's report.